IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| SHARON MARANT | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| ANDREW SAUL, Commissioner of Social Security[1] | : | NO. 18-4832 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                                    December 6, 2019

Sharon Marant ("Plaintiff") seeks review of the Commissioner's decision denying her claim for disability insurance benefits ("DIB"). She argues, among other things, that the administrative law judge ("ALJ") who presided over her administrative hearing was not properly authorized to act under the Appointments Clause of the United States Constitution, see U.S. CONST. art. II, § 2, cl.2, and that she is entitled to remand for her case to be heard before a constitutionally appointed ALJ. Doc. 12 at 2-3. Defendant does not dispute the impropriety of the ALJ's appointment, but asserts that Plaintiff has forfeited the claim by failing to raise it at any point in the administrative proceedings. Doc. 15 at 4-13; Doc. 16 at 1-2. Defendant has filed a motion to stay consideration of the case pending the Third Circuit's consideration of two cases on its docket presenting the same issue. Doc. 16 (citing Cirko v. Berryhill, No. 19-1772 (3d Cir.) (appeal of M.D. Pa. Civ. No. 17-680, ECF Doc. 26); Bizarre v. Berryhill, No. 19-1773 (3d Cir.) (appeal of

---

[1]Andrew Saul became the Commissioner of Social Security ("Commissioner") on June 17, 2019, and should be substituted for the former Acting Commissioner, Nancy Berryhill, as the defendant in this action. Fed. R. Civ. P. 25(d).

M.D. Pa. Civ. No. 18-42, ECF Doc. 30)). For the reasons that follow, I will grant Defendant's motion and stay consideration of the case pending a decision from the Third Circuit.

I. **PROCEDURAL HISTORY**

Plaintiff protectively filed for DIB on October 16, 2014, claiming that she became disabled on August 20, 2010, due to several physical and emotional disorders. Tr. at 48, 132, 164.[2] The application was denied initially, id. 60-64, and Plaintiff requested an administrative hearing before an ALJ, id. at 68, which took place on August 15, 2017. Id. at 27-47. On September 6, 2017, the ALJ found that Plaintiff was not disabled. Id. at 14-22. The Appeals Council denied Plaintiff's request for review on October 23, 2018, id. at 1-3, making the ALJ's September 6, 2017 decision the final decision of the Commissioner. 20 C.F.R. § 404.981. Plaintiff, who was represented by counsel, did not challenge the ALJ's authority before either the ALJ or the Appeals Council.

---

[2]A DIB claimant must establish disability on or before her date last insured. See 20 C.F.R. § 404.101(a); Matullo v. Bowen, 926 F.2d 240, 244 (3d Cir. 1990). Plaintiff's date last insured for purposes of DIB is December 31, 2015. Tr. at 48. Plaintiff filed a prior application for DIB in June 2013, which was denied at the initial consideration level on August 30, 2013. Id. at 49, 161. Plaintiff did not seek review of that decision by an ALJ. However, at the administrative hearing, Plaintiff's counsel argued that the earlier denial was subject to reopening, id. at 35, and it appears that the ALJ did not place any limitation on the evidence to be considered in light of the prior application. Id. at 22. Thus, Plaintiff need only establish she was disabled prior to December 31, 2015 to qualify for DIB. See Coup v. Heckler, 834 F.2d 313, 317 (3d Cir. 1987) (reopening found where "the administrative process does not address an earlier decision, but instead reviews the entire record in the new proceeding and reaches a decision on the merits.").

Plaintiff commenced this action in federal court on November 7, 2018.  Doc. 1.  After the parties filed their briefs, Defendant filed a motion to stay consideration of the case pending the Third Circuit's consideration of the Cirko and Bizarre appeals.  Doc. 16.  Plaintiff responded requesting that the court deny the stay and address her claims.  Doc. 18.[3]

## II. DISCUSSION

In her brief, in addition to challenging the merits of the ALJ's decision, Plaintiff challenges the authority of the ALJ to adjudicate her claim for benefits.  Doc. 12 at 2-4.  The claim challenging the ALJ's authority finds its genesis in the Supreme Court's holding in Lucia v. Securities and Exchange Commission, in which the Supreme Court held that Securities and Exchange Commission ("SEC") ALJ's are "Officers of the United States" subject to the Appointments Clause, rather than mere SEC employees.  __ U.S. __, 138 S. Ct. 2044, 2049 (June 21, 2018).  Under the Appointments Clause, only the President, "Courts of Law," or "Heads of Departments" can appoint "Officers of the United States."  U.S. CONST. art. II, § 2, cl. 2.  Because none of those actors appointed the SEC ALJ in Lucia, the Court found that the appointment violated the Constitution and that the remedy was to have another ALJ hold a new hearing.  Lucia, 138 S. Ct. at 2055.  It is not disputed in this case that if Lucia applies and the Lucia objection was not forfeited, the ALJ's decision must be vacated.

---

[3]The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  See Standing Order, In RE:  Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018); Doc. 4.

3

Judges of this district have recounted the cases applying Lucia to find that other agencies' ALJs are Officers of the United States rather than mere employees. See Brunson v. Saul, Civ. No. 18-5562, 2019 WL 3413520, at *2 (E.D. Pa. July 26, 2019) (Strawbridge, M.J.) (citing Bank of La. v. FDIC, 919 F.3d 916, 921 (5th Cir. 2019) (FDIC); Jones Bros., Inc. v. Sec'y of Labor, 898 F.3d 669, 679 (6th Cir. 2018) (Department of Labor Federal Mine Safety and Health Review Commission); Island Creek Coal Co. v. Wilkerson, 910 F.3d 254, 257 (6th Cir. 2018) (Department of Labor Benefits Review Board)); Marchant v. Berryhill, Civ. No. 18-0345, 2019 WL 2268982, at *2 (E.D. Pa. May 28, 2019) (Kelly, J.) (citing same and Assoc. Mortg. Bankers, Inc. v. Carson, Civ. No. 17-0075, 2019 WL 108882 (D.D.C. Jan. 4, 2019) (Department of Housing and Urban Development); Morris & Dickson Co. v. Whittaker, 360 F. Supp.3d 434 (W.D. La. 2018) (Drug Enforcement Agency)).

Although neither the Supreme Court nor the Third Circuit has specifically determined that Social Security Administration ALJs are Officers of the United States, following Lucia, the President signed an executive order that amended the process of future ALJ appointments to comply with Article Two. Exec. Order No. 13,843, 83 Fed. Reg. 32755 (July 10, 2018). "On July 16, 2019, the Acting Commissioner [of Social Security] ratified the appointment of ALJs . . . and approved their appointments as her own in order to address any Appointments Clause questions involving [Social Security Administration] claims." Emergency Message-18003 Rev 2 (available at https://secure.ssa.gov/apps10/reference.nsf/links/08062018021025PM).

In the case presently before the court, as well as dozens of others arising in our circuit, rather than arguing that Lucia does not apply to Social Security ALJs, Defendant takes the position that the claimant's failure to present the Lucia claim to the Appeals Council resulted in forfeiture of the claim. Doc. 15 at 4-13; Doc. 16 at 1-2. District courts have gone both ways on this issue. Compare, e.g., Bizarre v. Berryhill, 364 F. Supp.3d 418 (M.D. Pa. 2019) (Conner, C.J.) (forfeiture not waived) with Marchant v. Berryhill, Civ. No. 18-345, 2019 WL 2268982 (E.D. Pa. May 28, 2019) (Kelly, J.) (forfeiture waived). This issue has now been argued before the Third Circuit in Cirko and Bizarre (C.A. Nos. 19-1772 and 19-1773, argument held Nov. 13, 2019), and Defendant asks this court to stay consideration of the issue pending the Third Circuit's decision. Doc. 16. Plaintiff opposes the motion, arguing that the potential harm to Plaintiff if the court grants the stay outweighs the potential harm to Defendant if the court denies the stay. Doc. 18.

Whether to stay litigation is a matter left to a court's discretion. See Bechtel Corp. v. Laborers' Int'l Union, 544 F.2d 1207, 1215 (3d Cir. 1976). The power to stay proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Cheyney State Coll. Faculty v. Hufstedler, 703 F.2d 732, 737-38 (3d Cir. 1983) (quoting Landis v. North Am. Co., 299 U.S. 248, 254, 55 (1936)). Because a stay "is an extraordinary measure . . . [it] should only be granted in 'exceptional circumstances." In re Chickie's & Pete's Wage & Hour Litig., Civ. No. 12-6820, 2013 WL 2434611, at *2 (E.D. Pa. June 5, 2013) (quoting J.B. Hunt Transp., Inc. v. Liverpool Trucking Co., Civ. No. 11-1751, 2012 WL 2050923, at *4 (E.D. Pa. June 7,

2012) (citing Colo. River Water Conserv'n Dist. v. United States, 424 U.S. 800, 813 (1976)). In determining whether to grant a stay, the court must consider "whether the proposed stay would prejudice the non-moving party, whether the proponent of the stay would suffer a hardship or inequity if forced to proceed and whether granting the stay would further the interest of judicial economy." Airgas, Inc. v. Cravath, Swaine & Moore LLP, Civ. No. 10-612, 2010 WL 624955, at *3 (E.D. Pa. Feb. 22, 2010) (citing Landis, 299 U.S. at 254-55).

In opposing the motion to stay, Plaintiff focusses primarily on the harm further delay will cause her as an "impoverished individual." Doc. 18 at 3. A number of my colleagues have found this argument persuasive and rejected the Commissioner's stay motions. See, e.g., Harvin v. Comm'r of Soc. Sec., Civ. No. 18-5340, 2019 WL 5390654, at *3 (E.D. Pa. Oct. 22, 2019) (Heffley, M.J.) ("a stay in the numerous pending cases raising the Appointments Clause issue is not warranted because it threatens to cause undue delay and hardship to claimants while it would not serve judicial efficiency because it would create a backlog of stayed Social Security cases for the Court, thus threatening even further delay"). However, I cannot ignore the current procedural reality. The Third Circuit has heard argument in the consolidated appeal of Cirko and Bizarre. Moreover, in nearly every case in which our district court remanded a social security appeal solely on the Lucia issue, the Commissioner has appealed, and in every one of those appeals the Third Circuit has granted the Commissioner's motion to hold the appeal in abeyance pending the issuance of the mandate in Cirko and Bizarre. See, e.g., Culclasure v. Comm'r of Soc. Sec., 375 F. Supp.3d 559 (E.D. Pa. 2019) (C.A. 19-2386 –

6

appeal filed June 17, 2019, stay order entered July 23, 2019); Perez v. Comm'r of Soc. Sec., Civ. No. 18-1907, ECF Doc. 21 (E.D. Pa. Apr. 23, 2019) (C.A. 19-2428 – appeal filed June 20, 2019, stay order entered July 25, 2019); Ready v. Berryhill, Civ. No. 18-4289, 2019 WL 1934874 (E.D.Pa. April 30, 2019) (C.A. 19-2519 – appeal filed June 28, 2019, stay order entered July 26, 2019); Wilson v. Berryhill, 379 F. Supp.3d 381 (E.D. Pa.) (C.A. 19-2639 – appeal filed July 19, 2019, stay order entered Sept. 17, 2019); Kellett v. Berryhill, Civ. No. 18-4757, 2019 WL 2339968 (E.D. Pa. June 3, 2019) (C.A. 19-2795 - appeal filed Aug. 9, 2019, stay order entered Aug. 30, 2019); Brunson v. Saul, Civ. No. 18-5562, 2019 WL 3413520 (E.D. Pa. June 26, 2019) (C.A. 19-3205 – appeal filed Sept. 26, 2019, stay order entered Oct. 10, 2019); McWilliams v. Berryhill, Civ. No. 18-5180, 2019 WL 2615750 (E.D.Pa. June 26, 2019) (C.A. 19-2965 – appeal filed Aug. 23, 2019, stay order entered Sept. 17, 2019); Powell v. Saul, Civ. No. 18-4881, 2019 WL 3458662 (E.D. Pa. July 30, 2019) (C.A. 19-3215 – appeal filed Sept. 27, 2019, stay order entered Oct. 10, 2019); Wojciechowski v. Saul, Civ. No. 18-3843, 2019 WL 3458458 (E.D. Pa. July 30, 2019) (C.A. 19-3218 – appeal filed Oct. 1, 2019, stay order entered Oct. 10, 2019); Robinson v. Saul, Civ. No. 19-057, 2019 WL 4077643 (E.D. Pa. Aug. 28, 2019) (C.A. 19-3482 – appeal filed October 24, 2019, stay order entered Nov. 21, 2019);[4] but see Hill v. Saul, Civ. No. 18-5564, 2019 WL 3573499 (E.D. Pa. Aug. 6, 2019) (no

---

[4]The Honorable Marilyn Heffley remanded Harvin on Lucia grounds on October 22, 2019. Civ. No. 18-5340, 2019 WL 5390654. The Commissioner has not filed an appeal in that case, but the time to file such an appeal has not expired. See Fed. R. App. P. 4(a)(1)(B) (allowing agency of the United States 60 days to file appeal).

appeal taken from remand on Lucia grounds); Risser v. Berryhill, Civ. No. 18-4758, 2019 WL 3676349 (E.D. Pa. Aug. 6, 2019) (same).

In light of the above, it appears that a stay is inevitable as we await a decision in Cirko and Bizarre, and the real question is whether the case is stayed here or in the Circuit Court. See, e.g., Pisacano v. Comm'r of Soc. Sec., Civ. No. 18-3182, Doc. 16 (E.D. Pa. July 2, 2019) (granting stay motion in light of the pending Cirko and Bizarre appeal); Marchant v. Berryhill, Civ. No. 18-345, Doc. 38 (E.D. Pa. Sept. 11, 2019) (same). I conclude that judicial economy favors the issuance of such a stay in this forum, avoiding the legal machinations of an appeal, the filing of a stay motion, and remand by the circuit court in light of the decision it reaches in Cirko and Bizarre.[5] Once the mandate is issued in Cirko and Bizarre, I will lift the stay and consider Ms. Marant's appeal accordingly.

An appropriate Order follows.

---

[5] If the Third Circuit concludes that the Lucia objection was waived, cases would presumably be remanded to the District Court to either dismiss the matter or proceed to address other challenges to the ALJ's decision. If the Third Circuit concludes that the objection is not waived, presumably the cases will be remanded to the District Court for the purposes of remand to the Commissioner for proceedings before a constitutionally appointed ALJ.