IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARON MARANT, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANDREW SAUL, Commissioner of Social Security | : | NO. 18-4832 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                                                 June 19, 2020

After prevailing in her action seeking remand of her disability claim to the Commissioner of Social Security ("Commissioner"), Plaintiff Sharon Marant ("Plaintiff") moves for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. For the reasons that follow, her motion will be denied.

**I.  PROCEDURAL BACKGROUND**

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income in 2014. Her applications were denied at the initial administrative level, and she requested a hearing before an Administrative Law Judge ("ALJ"), who determined on September 6, 2017, that Plaintiff was not disabled. Tr. at 14-22. The Appeals Council denied Plaintiff's request for review, and Plaintiff sought judicial review in this court. Despite not having objected to the ALJ's authority during the administrative proceedings, one of Plaintiff's arguments to this court was that the ALJ who adjudicated her case had not been appointed consistent with the Appointments Clause (U.S. CONST. art. II, § 2, cl. 2), and therefore lacked authority to decide her claim. Doc. 2 at 2-4.

Plaintiff based her Appointments Clause challenge on Lucia v. S.E.C., where the Supreme Court held that ALJs of the Securities and Exchange Commission ("SEC") are "Officers of the United States" subject to the Appointments Clause. __ U.S. __, 138 S. Ct. 2044 (2018). In Lucia, an ALJ working for the SEC had determined that an investment firm had violated the Investment Advisers Act and imposed significant sanctions. The investment firm appealed, arguing that ALJs are "Officers of the United States" within the meaning of the Appointments Clause, and that the ALJ had not been appointed by the President, "Courts of Law," or "Heads of Departments," as the Clause requires. The Court agreed and concluded that the appointment violated the Appointments Clause and that the remedy was remand to the SEC to allow a different properly appointed ALJ to hold a new hearing. Id. at 2053, 2055. Significantly, the Court held that a party "who makes a timely challenge to the constitutional validity [under the Appointments Clause] . . . is entitled to relief." Id. at 2055 (emphasis added) (quoting Ryder v. United States, 515 U.S. 177, 182-83 (1995)).

Lucia did not address ALJ's working for agencies other than the SEC, such as the Social Security Administration ("Administration"). However, after Lucia, the President issued an Executive Order recognizing that "at least some and perhaps all ALJs are 'Officers of the United States' and thus subject to the Constitution's Appointments Clause." See Cirko v. Comm'r of Soc. Sec., 948 F.3d 148, 152 (3d Cir. 2020) (citing Exec. Order No. 13,843, 83 Fed. Reg. 32,755 (July 10, 2018)). The Acting Social Security Commissioner responded by "reappoint[ing] the agency's administrative judges, including both the ALJs and the Administrative Appeals Judges (AAJs) of the

[Administration's] Appeals Council, under her own authority," consistent with the Appointments Clause and Lucia.  See id.; see also S.S.R. 19-1p, "Titles II and XVI: Effect of the Decision in Lucia v. Securities and Exchange Commission (SEC) on Cases Pending at The Appeals Council, 2019 WL 1324866, at *2 (March 15, 2019) (Acting Commissioner ratified appointment of ALJs and AAJs on July 16, 2018).  The Administration also instructed ALJ's how to respond to Appointments Clause challenges, and the Department of Justice ("DOJ"), through a memorandum from the Office of the Solicitor General to all Agency General Counsel, "advised agencies [to] request voluntary remands only in cases where the challenge is 'timely raised and preserved both before the agency (consistent with applicable agency rules) and in federal court,' but where a claim is not timely raised, agencies should argue the challenge is forfeited."  See Culclasure v. Comm'r of Soc. Sec. Admin., 375 F. Supp.3d 559, 563-64 & n.39 (E.D. Pa. 2019) (Kearney, J.) (citing Guidance on Administrative Law Judges After *Lucia v. SEC (S.Ct.)*, July 2018, 132 Harv. L. Rev. 1120, 1122 n.34 (Jan. 10, 2019)).

Consistent with this guidance, the Administration declined to remand claims to properly appointed ALJs unless a claimant had raised an Appointments Clause challenge before an ALJ, and argued that under Lucia the claimant was "required to raise the Appointments Clause challenge before the agency or risk forfeiture of that claim."  See Bizarre v. Berryhill, 364 F. Supp.3d 418, 421 (M.D. Pa. 2019), aff'd sub nom, Cirko, 948 F.3d 148.

In Plaintiff's case, the Commissioner responded consistent with the above practice, and did not dispute the impropriety of the ALJ's appointment, but argued that

Plaintiff had waived/forfeited her Appointments Clause challenge because Plaintiff had not raised the issue before the ALJ, and therefore had failed to raise it in a timely fashion. Doc. 15 at 4-13.  On December 6, 2019, I granted the Commissioner's motion to stay consideration of this case pending a decision in the Cirko/Bizarre cases, which had been argued recently in the Third Circuit Court of Appeals on the waiver/forfeiture issue.  Doc. 19.

Shortly thereafter, the Third Circuit issued its decision in Cirko, holding that claimants for Social Security disability benefits could make Appointments Clause challenges "in federal court without having exhausted those claims before the agency." 948 F.3d at 152.  The court reasoned that "there [was] little legitimate governmental interest in requiring exhaustion. . . [a]nd . . . the individual interests on the other side of the ledger are substantial," and that the "the special character of both the agency and the constitutional claim at issue" supported permitting those appealing social security benefit determinations to make Appointments Clause challenges to federal courts without exhausting those claims before the Social Security Administration.  Id. at 159.  The Third Circuit further held that the proper remedy for such Appointment Clause challenges was to remand "to the Social Security Administration for new hearings before constitutionally appointed ALJs other than those who presided over Appellees' first hearings."  Id. at 159-60.

Based on Cirko, I remanded the case on January 24, 2020.  Doc. 22.  Plaintiff then filed this motion for fees under the EAJA, which the parties have fully briefed.  Docs. 24-26, 32.[1]

## II.    LEGAL STANDARDS

The EAJA aims "to remove an obstacle to contesting unreasonable governmental action through litigation posed by the expense involved in securing the vindication of a party's rights in the courts."  Dougherty v. Lehman, 711 F.2d 555, 562 (3d Cir. 1983) (internal quotations omitted).  In furtherance of this goal, the EAJA provides "for an award of attorney's fees and expenses to parties prevailing against the United States."  Id.  The EAJA authorizes such an award in "any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action."  28 U.S.C. § 2412(a)(1).  However, "the Government may defeat this entitlement by showing that its position in the underlying litigation was 'substantially justified.'"  Scarborough v. Principi, 541 U.S. 401, 405 (2004) (quoting 28 U.S.C. § 2412(d)(1)(A)).[2]

The government has the burden of showing that its position was substantially justified.  Scarborough, 541 U.S. at 414.  This requires the government to show that "its position was grounded in a reasonable basis in fact and law with a reasonable connection

---

[1]Pinpoint citations to the parties' filings will be to the court's ECF pagination.

[2]Here, there is no dispute that Plaintiff is a prevailing party and meets the statutory requirements for an award of EAJA fees.

between the two." Diaz v. Comm'r of Soc. Sec., 410 F. App'x 430, 432 (3d Cir. 2010) (citing Morgan v. Perry, 142 F.3d 670, 684 (3d Cir. 1998)).  The government's success or failure on the merits is not dispositive on the question of substantial justification, although such success or failure may be "indicative of whether its position was substantially justified." Id. (citing Pierce v. Underwood, 487 U.S. 552, 569 (1988)). "The Government's 'position' includes its position taken in litigation and the agency position that made the litigation necessary."  Id. at 431 (citing Hanover Potato Prods., Inc. v. Shalala, 989 F.2d 123, 128 (3d Cir. 1993)).  Additionally, in evaluating whether the government's position was substantially justified, the EAJA "favors treating a case as an inclusive whole, rather than as atomized line-items."  Comm'r, I.N.S. v. Jean, 496 U.S. 154, 161–62 (1990).

      The aspect of the government's position that is at issue is not its argument as to the facts – it is not disputed that plaintiff did not challenge the ALJ's authority at the agency level – but its argument on the law.  In examining whether the government's position was grounded in a reasonable theory of law, "[t]he case law has not prescribed a comprehensive formula." Washington v. Heckler, 756 F.2d 959, 961 (3d Cir. 1985). Importantly, the Third Circuit has explained that:

> [T]here is no *per se* rule that imposes counsel fees on the government when it loses merely because its legal theory is rejected. . . .  If, for example, the case turns on an unsettled or "close question of law," . . . the government usually will be able to establish that its legal theory was "reasonable," even if it was not ultimately accepted as a legal rule by the courts. When the government's legal position clearly offends established precedent, however, its position cannot be said to be "substantially justified."

Id. at 961–62 (footnote omitted) (quoting and citing Dougherty, 711 F.2d at 566); see also Marcus v. Shalala, 17 F.3d 1033, 1037 (7th Cir. 1994) ("We agree that uncertainty in the law arising from conflicting authority or the novelty of the question weighs in the government's favor when analyzing the reasonableness of the government's litigation position.").

### III.    DISCUSSION

Based on the above authority, I will consider the government's position at both the agency level and after Plaintiff brought suit.

### A.    Commissioner's Pre-Litigation Position

Plaintiff makes limited argument on the Commissioner's prelitigation position, arguing in conclusory fashion that unconstitutional conduct is not substantially justified. Doc. 24 at 3.  In her reply Plaintiff adds that the Supreme Court's Lucia decision came down four months before the Appeals Council issued its ruling, giving the Commissioner ample to time to respond appropriately.  Doc. 26 at 2.  The Commissioner argues that it reasonably did not address the Appointments issue at the agency level issue because Plaintiff never raised an objection.  Doc. 25 at 4-5.

Prior to the Third Circuit's decision in Cirko, Courts within the Third Circuit had not addressed whether the Commissioner's decision to use ALJs that were not appointed consistent with the Appointments Clause was substantially justified.[3]  Post-Cirko, most

---

[3] Prior caselaw that examined prelitigation positions in the Social Security context discussed whether the ALJ decisions were substantially justified, with the litigation

of the judges who have addressed the propriety of EAJA fees in Lucia cases have not focused on the Commissioner's pre-litigation position. In Armstrong v. Saul, my colleague, the Honorable Carol Sandra Moore Wells, rejected the Commissioner's pre-litigation position that an administrative exhaustion requirement existed. Civ. No. 19-2094, 2020 WL 3057801, at *2 (E.D. Pa. June 9, 2020).

My focus, however, is on the propriety of the ALJ's appointment, which was the basis for my remand. The law on the Appointments Clause before Lucia was neither clear nor settled. As explained by Justice Sotomayor in her dissent in Lucia, "[t]he Court today and scholars acknowledge that this Court's Appointments Clause jurisprudence offers little guidance on who qualifies as an 'Officer of the United States.'. . . This confusion can undermine the reliability and finality of proceedings and result in wasted resources." Lucia, 138 S. Ct. 2044, 2064-65 (Sotomayor, J., dissenting). Justice Sotomayor's suggestion that there was "little guidance" and "confusion" as to whether ALJ's needed to be appointed consistent with the Appointments Clause is further underscored by the fact that the Court undertook review in Lucia in the face of a circuit split on the question. Id. at 2050 ("Lucia asked us to resolve the split by deciding whether [SEC] ALJs are 'Officers of the United States within the meaning of the Appointments Clause.'").

---

position being the choice of the Commissioner to defend the decision. See, e.g., Jones v. Astrue, Civ. No. 10-4194, 2012 WL 2849273 (E.D. Pa. July 11, 2012) (Savage, J).

The pre-Lucia landscape on the ALJ Appointments Clause issue stands in sharp contrast to other situations where courts have found that a pre-litigation position based on an interpretation of the law was not substantially justified.  For example, in Natural Resources Defense Council v. United States Environmental Protection Agency, the Third Circuit found that the EPA's prelitigation position of dispensing with notice and comment in rulemaking was not substantially justified and awarded EAJA fees to the plaintiff.  703 F.2d 700, 712 (3d Cir. 1983).  The court concluded that the EPA lacked a substantial justification for its pre-litigation position, observing that:

> The law was already settled that this could not lawfully be done. . . .  Nor could the agency possibly have believed that the repeal of a rule is not rulemaking, because the [Administrative Procedures Act] specifically provides that repeal of a rule is rulemaking subject to notice and comment requirements.  Moreover, the agency's own subsequent conduct in treating further postponement as rulemaking reveals that the EPA knew all along that its position was legally untenable.  It nevertheless continued to resist reinstatement of the repealed rules, even after the lawsuit was filed.  If ever a case fit precisely the mold of bureaucratic arbitrariness which one senator after another stated as the target of the Equal Access to Justice Act, this is the case.

Id. (internal citations omitted); see also Wilks v. U.S. Dep't of Homeland Sec., Civ. No. 07-2171, 2009 WL 1542771, at *3 (M.D. Pa. June 2, 2009) (government's position to detain immigrant was substantially justified because the law "mandates detention and the Third Circuit has yet to address the issue of prolonged detention under this statutory section").

The Commissioner's prelitigation position here was substantially justified because there was legal uncertainty as to whether appointments of Social Security ALJ's fall

under the Appointments Clause. See Washington, 756 F.2d at 961-62 (government's legal position will generally be substantially justified where law was unsettled). Unlike other cases where courts have found a pre-litigation position of the government not to be substantially justified, here the Commissioner's position was reasonable as it did not conflict with a clearly settled legal principle articulated consistently by the courts as was the case in Wilks, or a directly applicable and unambiguous statutory provision as was the case in Natural Resources. Further, the Commissioner's position does not constitute the type of "bureaucratic arbitrariness" complained of in Natural Resources.

### B.   Commissioner's Litigation Position

Plaintiff argues that the Commissioner made unreasonable claims of caselaw support in urging the court to find the Appointments issue forfeited. Doc. 24 at 3-4. The Commissioner argues that it was reasonable to argue forfeiture during the unsettled period prior to the Third Circuit's Cirko decision, in light of the contrary holdings of a majority of district courts. Doc. 25 at 5-7.

While Cirko ultimately held that Appointments Clause challenges are not subject to the exhaustion requirements and can be raised for the first time in federal court, that finding alone does not mean that the Commissioner's position pre-Cirko was unjustified. See Pierce, 487 U.S. at 569. After Lucia, but before Cirko, numerous courts considered

cases where a Social Security claimant was raising an Appointments Clause challenge that they had not raised administratively, with differing results.[4]

In Marchant v. Berryhill, the court provided a useful summary of the body of post-Lucia, pre-Cirko, decisions on whether Social Security claimants were required to exhaust their Appointments Clause objection in proceedings before the Administration. Civ. No. 18-0345, 2019 WL 2268982, at *3-4 (E.D. Pa. May 28, 2019) (Kelly, J.). Noting that courts "have struggled to interpret what constitutes a 'timely challenge' during SSA proceedings," the court observed that "[s]everal courts have interpreted an Appointments Clause challenge to an SSA ALJ to be 'timely' if raised at some point during the administrative process." Id. at *3. The court summarized the reasoning of these cases as relying on "the fact that the plaintiff in Lucia raised his Appointments Clause challenge for the first time before the SEC appeals council" and that as such, these decisions "required the challenge to be raised during the administrative process to be considered timely." Id.[5]

However, the court also observed that "a small, but growing minority of cases, mainly from Pennsylvania, have rejected this restrictive interpretation of Lucia,

---

[4]For an extensive discussion of these pre-Cirko arguments, and the Administration's response to Lucia, see Culclasure, 375 F. Supp.3d at 568-70.

[5]The court also observed that some other courts had created "a more restrictive standard than the Lucia Court identified" by holding that "in order to raise a timely challenge in SSA proceedings, claimants must raise an Appointments Clause challenge before the ALJ," not just at any time in the administrative process. Marchant, 2019 WL 2268982, at *3.

concluding that an Appointments Clause challenge cannot be waived by failing to raise it at the administrative level." Marchant, 2019 WL 2268982, at *4. These cases emphasized "the SSA's 'less rigid' and informal administrative review process" and took "issue with the interpretation that Lucia defined a 'timely challenge' as solely being made to the Appeals Council." Id. The court explained the difference between the varying interpretations of Lucia as stemming "from attempts to apply Lucia's SEC framework and analysis to the SSA." Id.

Pre-Cirko, then, particularly within the Third Circuit, there existed sufficient variation between decisions on whether or not an Appointments Clause challenge needed to be raised in the administrative proceedings to render the Commissioner's position substantially justified. That variation within the Third Circuit pre-Cirko constituted the type of "unsettled or close question of law" that justifies the Government's position as based on a reasonable theory of law. See Washington, 756 F.2d 959, 961 (3d Cir. 1985); cf. Grossberg v. Barnhart, No. 04-2397, 2005 WL 703736 (3d Cir. Mar. 29, 2005) (Administration's position was not substantially justified because, in part, it directly conflicted with a directly applicable Third Circuit decision).

The majority of decisions from this court that have meaningfully addressed whether or not a contested remand to a new ALJ on the basis of an Appointments Clause challenge post-Cirko entitles a plaintiff to attorney's fees under the EAJA have reached the same conclusion. In Holmes v. Berryhill, the court found that "there existed a reasonable basis in law for the theory" that a plaintiff had waived her Appointments Clause challenge by failing to raise it before the Administration. Civ. No. 19-784, 2020

WL 2126787, at *2 (E.D. Pa. May 4, 2020) (Beetlestone, J.).  The court reasoned that "[t]he Commissioner's position was not novel," as multiple courts "had previously agreed with the Commissioner's position that Appointments Clause challenges are subject to exhaustion requirements. . . .  Considering this broad support for the Commissioner's position, it cannot be said to have been unreasonable."  Id. at *2-3; see also Hill v. Saul, Civ. No. 18-5564, 2020 WL 3250484, at *3 (E.D. Pa. June 16, 2020) (Strawbridge, M.J.) (noting lack of consensus on the issue in courts of this circuit)

Similarly, in Cortese v. Commissioner of Social Security, the court denied attorney's fees under the EAJA, concluding that "[l]osing a close call on a disputed issue of law does not mean the Commissioner lacked substantial justification for his position and is not the basis for a fee award to a claimant under the [EAJA]."  Civ. No. 18-3437, 2020 WL 2745741, at *1 (E.D. Pa. May 27, 2020) (Kearney, J.).  The court found that the Commissioner had not "relied on a legal theory contrary to the existing law" when it argued that the claimant's Appointments Clause challenge was subject to exhaustion requirements, and as such had a substantial justification for that position.  Id. at *4.  The court drew a distinction between the Commissioner's position and recent decisions awarding EAJA fees, id. at *4-5, citing Roberts v. Berryhill 310 F. Supp.3d 529 (E.D. Pa. 2018) (Schiller, J.), where "the Commissioner's theory [that it was not bound by Orphan's Court order recognizing claimant's same-sex marriage] lacked support in Pennsylvania law and ran directly contrary to the language of the Social Security Act"; Healey v. Leavitt, 485 F.3d 63 (2d Cir. 2007), where the Commissioner failed to offer any justification for its position, and Johnson v. Gonzales, 416 F.3d 205, 211 (3d Cir.

2005), where the government "continued to rely on a Supreme Court decision even after certain evidence came to light making its reliance unreasonable."

Additionally, in Diaz v. Commissioner of Social Security, the court denied attorney's fees under the EAJA on the basis that pre-Cirko "there was no precedential authority on the issue of whether Appointments Clause claims were subject to exhaustion requirements." Civ. No. 18-5075, 2020 WL 3127941, at *2 (E.D. Pa. June 12, 2020) (Sánchez, C.J.). The court reasoned that because Lucia did not define what constituted a "timely" challenge, "whether the claimant waives the Appointments Clause claim by failing to exhaust it at the administrative level was an unsettled question" and thus the Commissioner's position was substantially justified. Id.

I concur with the above recent line of cases in this district, and conclude that the Commissioner has met its burden of showing that its litigation position was substantially justified.[6]

## IV. CONCLUSION

Based on the foregoing, I conclude that the Commissioner has met his burden of showing that his position was substantially justified. Before Lucia, there existed sufficient confusion as to the applicability of the Appointments Clause to agency ALJ's to justify the Commissioner not raising that issue at the agency level, and before Cirko,

---

[6]Because the basis for my remand was the Appointments Clause issue, I do not address the Commissioner's position that his argument on the merits was substantially justified. The ALJ who rendered that decision was not constitutionally appointed, so whether supported by substantial or not, the case must be considered by a different properly appointed ALJ pursuant to Cirko.

there existed a sufficiently unsettled or close question of law as to whether an Appointments Clause claim was waived if it was not raised administratively. The fact that the Commissioner's position on both of these issues of law was ultimately rejected does not mean they were not sufficiently justified at the time they were taken. Plaintiff's request for attorney's fees is thus denied. An appropriate order follows.